### SNYDER v. INTERNATIONAL ECONOMIST CO.

(Supreme Court, Appellate Term. January 17, 1905.)

**1. CONSTRUCTION OF CONTRACT.**

On an order for an advertisement to be published was an indorsement, "This order is given with the understanding and agreement that the Publishers shall produce business to the amount of the cost of advertisement or no pay." *Held*, that orders for goods by the publishers because of the advertisement should be treated as payment pro tanto of the bill for advertising.

Appeal from City Court of New York, Trial Term.

Action by Frederick J. Snyder, doing business under the name and style of the Vulcan Asbestos Company, against the International Economist Company. From a verdict directed for plaintiff, and from an order granting a motion to dismiss defendant's counterclaim, defendant appeals. Reversed.

Defendant's counterclaim was based on the following contract and indorsement:

#### Contract.

International Economist Company, (inc.)

200 Greene Street, New York City.

New York, Augt. 23rd, 1901.

Insert our advertisement, as per copy herewith, to occupy one-sixteenth page space in twelve issues of El Economista Internacional, commencing with Septr. issue. Publisher authorized to prepare copy & submit proof, for which we agree to pay to your order Ninety-six Dollars, payable at expiration of year.          [Signed]          The Vulcan Asbestos & Supply Co.,
$96.00                                                   116 Maiden Lane,
 A. T. Schenck,                                                N. Y. City.
      Representative.                                     W. F. Blank,
                                                              N. Y. Mgr.

#### [Indorsed.]

This order is given with the understanding and agreement that the Publishers shall produce business to the amount of the cost of advertisement or no pay.                                           A. T. Schenck.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Joseph Folliard Perdue, for appellant.

Warren Higley, for respondent.

PER CURIAM. The evident purpose of the indorsement was to relieve plaintiff's assignor from any obligation to pay in cash for the advertising, and to require the defendant to take its pay in goods, if it were to be paid at all. We consider that the justice construed the in-

dorsement too narrowly.  The true construction, as we regard it, is that the order for goods should be treated as payment pro tanto of the bill for advertising.  As to the balance of the advertising bill, the defendant cannot, under his contract, recover.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.